# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. MCPHERSON,<br><br>Plaintiff,<br><br>v.<br><br>KIRK E. SHERRIFF,<br><br>Defendant. | Case No.  1:26-cv-04158-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION AS FRIVOLOUS<br><br>(ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael B. McPherson is a state prisoner proceeding *pro se* in this civil action. Plaintiff's complaint, filed on June 1, 2026, is currently before the Court for screening.  (ECF No. 1.)  For the reasons that follow, the Court will recommend dismissal of this action as frivolous.

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

1

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Allegations

Plaintiff names Kirk E. Sherriff, United States District Court Judge, as the sole defendant in this action. Plaintiff drafted his complaint using the form provided by this Court. In the section in which he is asked to indicate which of his constitutional or federal civil rights has been violated, he states, "Failure to act on a duty owed to me." (ECF No. 1 at 3.) He identifies the issue involved as "Principles." (*Id.*) In the supporting facts section of the claim, Plaintiff alleges:

> On 04/07/2026, through a 'judicial declaration' in Case No. 1:26-cv-01020-KES-SKO, United States District Judge Kirk E. Sherriff, acknowledges 'my authority as government' been established to create 'plans' for sports, property, Hollywood, and the federal courts. [¶] Kirk E. Sherriff, knows legally that employed 'absolute duty' is owed to the 'sovereign.'   [¶] Failure to act, knowing a written declaration to perform an 'absolute duty' that is unsatisfied, and the only adequate remedy is a 'mandamus' to satisfy the corresponding rights that are legally, loudly clear."

(*Id.*) As to his alleged injury, Plaintiff states, "N/A." (*Id.*) In the administrative remedies section, Plaintiff affirms there are administrative remedies available at his institution. (*Id.*) However, in response to whether he submitted a request for administrative relief on his claim or appealed his request for relief on his claim to the highest level he states, "N/A." (*Id.*) Plaintiff explains why he did not submit or appeal a request for administrative relief at any level by stating, "N/A." (*Id.*) In the request for relief section, Plaintiff states: "Direct an order, the Clerk of Court directly order the prison to release me from the (SATF) prison." (*Id.* at 6.)

## III.    Discussion

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may ... dismiss a claim as frivolous where it is

based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke,* 490 U.S. at 327). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).

Plaintiff's complaint is based on indisputably meritless legal theories. Examples of claims based on an indisputably meritless legal theory include claims of an interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. Plaintiff purports to bring this suit against District Judge Sherriff for release from custody based on a purported judicial declaration and acknowledgment of Plaintiff's authority as government in Case No. 1:26-cv-01020-KES-SKO.[1] However, the Court found that action frivolous and dismissed it with prejudice on April 7, 2026. (*See* 1:26-cv-01020-KES, SKO, ECF No. 11.) District Judge Sherriff did not issue a judicial declaration or an acknowledgment of Plaintiff's authority. Thus, Plaintiff's theory in this action is based on a legal right that clearly does not exist.

Further, to the extent Plaintiff's allegations are premised on a sovereign citizen ideology, court have rejected arguments based on such ideology as frivolous and meritless. *See*, *e.g.*, *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *Unites States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (explaining courts have summarily rejected legal theories of "sovereign citizens" as frivolous); *see also Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

Plaintiff's factual allegations also are baseless. Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Plaintiff's allegation that District Judge Sherriff, through a judicial declaration in Case No.

---

[1] A court may properly take judicial notice of court records in other cases. Fed. R. Evid. 201; *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records and the records in other cases).

3

1:26-cv-01020-KES-SKO, acknowledged Plaintiff's "authority as government" to create plans for sports, property, Hollywood, and the federal courts is clearly baseless and irrational.

The Court therefore concludes that Plaintiff's complaint is frivolous, lacking an arguable basis in either law or fact. Because the complaint is frivolous, the Court finds that Plaintiff should not be granted further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### IV. Conclusion and Recommendation

For the reasons stated, the Court finds that Plaintiff's complaint is frivolous and that leave to amend is not appropriate. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __June 10, 2026__          ____/s/ Barbara A. McAuliffe____
                                   UNITED STATES MAGISTRATE JUDGE